UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04146-RGK-MRW | Date | June 24, 2022 |
|---|---|---|---|
| Title | *Mark John Santos v. Medzed, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order to Show Cause**

The Notice of Removal in this action asserts that this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). "CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(5)). If the party asserting federal jurisdiction satisfies these prerequisites, CAFA vests district courts with original jurisdiction over putative class actions where: (1) the amount in controversy exceeds $5 million; and (2) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2).

CAFA, however, "contains several exceptions to its grant of . . . jurisdiction." *Bridewell-Sledge v. Blue Cross of Cal.*, 793 F.3d 923, 928 (9th Cir. 2015). Section 1332(d)(3) describes situations where "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action." 28 U.S.C. § 1332(d)(3). Section 1332(d)(4) describes situations where "[a] district court shall decline to exercise jurisdiction." 28 U.S.C. § 1332(d)(4).

The Court believes that one of the exceptions under §§ 1332 (d)(3)–(4) applies to this case and questions whether CAFA grants it subject-matter jurisdiction in the present action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). First, Plaintiff's Complaint proposes the following class: "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment *and who reside in California*." (Compl. ¶ 14, ECF No. 1.) This allegation strongly suggests that more than two-thirds of the members of the putative classes are citizens of California. Second, Plaintiff alleges that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-04146-RGK-MRW | Date | June 24, 2022 |
|---|---|---|---|
| Title | *Mark John Santos v. Medzed, LLC et al* | | |

Medzed Physician Services, Inc. is a citizen of California. (Compl. ¶ 7.) Finally, Plaintiff asserts only California state law claims.

The Court, therefore, orders Defendants to show cause, in writing, why the Court should not decline to exercise jurisdiction under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4). Defendants shall file their response no later than **July 1, 2022 at 4:00 PM**, and the response shall be limited to 5 pages. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court remanding this case pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/k |