Christina T. Tellado (SBN 298597)
Samuel J. Stone (SBN 317013)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Telephone:  213.896.2400
Fax:  213.896.2450
E-mail: christina.tellado@hklaw.com
         sam.stone@hklaw.com

Attorneys for Defendants
MEDZED, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHN SANTOS, individually, and on behalf of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MEDZED, LLC, a Georgia limited liability company; MEDZED PHYSICIAN SERVICES, INC., a California corporation; and DOES 1 through 100 inclusive,<br><br>　　　　　Defendants. | Case No.: 2:22-CV-04146<br><br>**DEFENDANT MEDZED, LLC'S RESPONSE TO ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DECLINE TO EXERCISE JURISDICTION UNDER 28 U.S.C. §§ 1332(D)(3) OR 1332(D)(4)** |

Defendant MEDZED, LLC (hereinafter "MEDZED" or Defendant") hereby responds to this Court's Order (June 24, 2022) to Show Cause why the Court should not decline to exercise jurisdiction over this matter under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4) (the "OSC").

## I.    INTRODUCTION

On May 10, 2022, Plaintiff Mark John Santos (hereinafter "Santos" or "Plaintiff") filed a Class Action Complaint against MEDZED, styled *MARK JOHN SANTOS V. MEDZED, LLC and MEDZED PHYSICIAN SERVICES, INC., et al.,* Case No. 22STCV15585, in the Superior Court for the State of California in and for the County of Los Angeles (hereinafter the "State Court Action"). On June 16, 2022,

MEDZED removed the State Court Action pursuant to 28 U.S.C. §§ 1332 (the Class Action Fairness Act of 2005, hereinafter "CAFA"), 1441 and 1446. Following this Court's entry of the OSC on June 24, 2022, MEDZED respectfully requests that the Court find that its jurisdiction is proper and not remand this action to State Court.

## II.     LEGAL ARGUMENT

### A.     CAFA's "Local Controversies" Exception Is Inapplicable Because the Primary Defendant's Home State is Georgia, Not California.

Pursuant to 28 U.S.C. § 1332(d)(4), federal courts are required to decline federal subject matter jurisdiction over a class action when more than 2/3 of the class members are from the forum state; and either (1) the primary defendant is from that state; or (2) the following three prongs are met: (a) a significant defendant is from that state, (b) the principal injuries were incurred in-state, *and* (c) no other class action on the issue has been filed in the preceding 3 years. This is known as the "Local Controversies" exception. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011).

The Local Controversies exception does not apply because the "primary defendant" and only "significant defendant" in this matter—MEDZED, LLC—is a citizen of the state of Georgia. Pursuant to 28 U.S.C. § 1332(d)(10), MEDZED is treated as an "unincorporated association" whose citizenship follows the state of formation and principal place of business. *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714-715 (N.D. Cal. 2021). As set forth in the Declaration of Scott Schnell in support of MEDZED's Notice of Removal, MEDZED is a limited liability company formed and existing under the laws of the State of Georgia. *See* Dkt. 1-4, ¶ 3. MEDZED's corporate headquarters and principal place of business is located at 1100 Spring Street, Suite 830, Atlanta, Georgia. *Id*. MEDZED's highest-level executive operations are managed and operated from Georgia, company-wide policy decisions are frequently made in Georgia, and administrative operations are managed from Georgia. *Id*. Most of the company's business and financial records are maintained in Georgia, and most of

MEDZED's company-wide functions, such as legal, finance, accounting, and marketing, are primarily based in Georgia. *Id*. As MEDZED's state of organization is the State of Georgia, and its principal place of business is also the State of Georgia, MEDZED is deemed a citizen of the State of Georgia for purposes of this litigation.

MEDZED is the "primary defendant" and the only "significant defendant" in this action because it is the entity that employed Santos, it is the entity that employed the proposed class, and it is the entity which is responsible for any alleged harm to Santos and the proposed class. Although CAFA does not define "primary defendant," the Ninth Circuit determines the identity of a primary defendant by considering which entity is directly responsible for the alleged harm to the proposed class. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). CAFA defines a "significant defendant" as "one from whom significant relief is sought, and whose conduct forms a significant basis for the claims asserted by the proposed plaintiff class. […] [C]ourts have generally required that the local defendant's conduct must be significant in relation to the conduct alleged against other defendants in the complaint, and that the relief sought against that defendant is a significant portion of the entire relief sought by the class." *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co*., 592 F. Supp. 2d 522 (S.D.N.Y. 2008) (citations omitted).

In contrast, MedZed Physician Services, Inc. ("MPS"), the California corporation improperly named as a party to this action, never employed Santos, nor any of the putative class members which Santos has defined as hourly-paid or non-exempt employees from 2018 to present. *See* Complaint, ¶ 14. MPS is a true physician services entity, formed for the purpose of "engag[ing] in the profession of medicine," as reflected in MPS' Articles of Incorporation, a true and correct copy of which is attached to the concurrently filed Declaration of Scott Schnell as **Exhibit A**. Pursuant to its Management Services Agreement with MEDZED, MPS "engages physicians and other licensed health professionals to provide clinical health services, including the provision of health services to patients in their place of residence or care" while

MedZed engages "in the business of providing management services to providers." *See* Schnell Decl., ¶ 4. MPS employs no hourly or non-exempt workers. Indeed, from 2018 to present MPS has only employed eight (8) physicians—none of whom fall within the Santos' proposed class. *Id.*, ¶ 5. Each of these physicians are classified as *exempt* under the Fair Labor Standards Act. *Id*. Accordingly, MPS is not a proper party to this action. Rather, MEDZED, as the employer of the proposed class members including Santos, is directly responsible for any alleged harm to the proposed class members, and is undisputedly the only primary and significant defendant in this action.

Because MEDZED is a Georgia citizen, the "Local Controversies" exception does not apply, and the Court is not required to decline to exercise its jurisdiction over this action.

**B.     CAFA's "Defendant's Home State" Exception Is Equally Inapplicable.**

The other avenue by which the Court may opt not to exercise its jurisdiction in this action is pursuant to 28 U.S.C. § 1332(d)(3), which sets forth the "Home State" exception. See *Hollinger v. Home State Mut. Ins. Co.*, *supra*. Under this exception, the Court may decline to exercise jurisdiction over this action if greater than one-third but less than two-thirds of the members of the proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. For the reasons set forth above, the primary defendant, MEDZED, is not a citizen of the state of California. Thus, the "Home State" exception does not apply, and the Court should exercise its jurisdiction over this action.

**C.     An Opposing Party, not MEDZED, Bears the Burden of Establishing the Applicability of Statutory Exceptions Under 28 U.S.C. §§ 1332(d)(4).**

The Ninth Circuit has recognized that pursuant to 28 U.S.C. § 1332(d)(4), once the removing party has established federal jurisdiction under § 1332(d)(2), it is the objecting party who bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B). *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (setting forth the Ninth Circuit's interpretation of the

burden of proof pursuant to 28 U.S.C. § 1332(d)(4) and noting that the "burden *should have been placed on [Plaintiff]* to prove the applicability of the exception, in fact, [Plaintiff] was the beneficiary of the district court's imposition of the burden on [Defendants].") (emphasis added). Here, Santos has not objected to MEDZED's removal of the State Court Action to federal court. If and when Santos does object, it will be Santos who bears the burden of proof as to the applicability of the statutory exceptions. At this junction, however, no such objection has been lodged.

**D.  CAFA's Intent is for Interstate Class Actions to be Heard in Federal Court if Properly Removed.**

The Court should not decline to exercise its jurisdiction over this action because doing so would run counter to the intent of CAFA, which contains "no antiremoval presumption […], in part because the statute was enacted 'to facilitate adjudication of certain class actions in federal court.'" *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989 (9th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547 (2014)). The Supreme Court has advised that "'CAFA's provisions should be read expansively, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id*. Here, where the action was properly removed and where the Plaintiff has not challenged that removal, the Court should act in accordance with the legislative and judicial intent of CAFA and exercise its jurisdiction over this action.

**III.  CONCLUSION**

For the foregoing reasons, MEDZED respectfully requests that this Court find that jurisdiction is proper and not remand this action to State Court.

Dated:  June 30, 2022

_____
HOLLAND & KNIGHT LLP
Tina Tellado
Samuel J. Stone

Attorneys for Defendant MEDZED, LLC